IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, as subrogee of JOHN AND BARBARA FERRARO<br>15 Mountainview Road<br>Warren, New Jersey 07061,<br><br>    Plaintiff,<br><br>v.<br><br>PREMIER BUILDERS, INC.<br>113 Jewett Street<br>Georgetown, Massachusetts 01833<br><br>and<br><br>MILNE PLUMBING AND HEATING, INC.<br>7A Beaver Dam Road<br>Manchester, Massachusetts 01944<br><br>    Defendants. | CIVIL ACTION NO.<br><br>**05 11065 RWZ**<br><br>JURY TRIAL DEMANDED<br><br>RECEIPT #_____<br>AMOUNT $  250.00<br>SUMMONS ISSUED  2<br>LOCAL RULE 4.1_____<br>WAIVER FORM _____<br>MCF ISSUED_____<br>BY DPTY. CLK.  M.P.<br>DATE  5/20/05 |

## COMPLAINT

MAGISTRATE JUDGE  RBC

### PARTIES

1.    Plaintiff, Vigilant Insurance Company ("Vigilant"), is a New York corporation with its principal place of business located at 15 Mountainview Road, Warren, New Jersey, which is authorized to and did transact its insurance business in this judicial district.

2.    Defendant, Premier Builders, Inc. ("Premier"), is a Massachusetts corporation with its principal place of business located at 113 Jewett Street, Georgetown, Massachusetts, which regularly and systematically engaged in its general contracting business in this judicial district.

3. Defendant, Milne Plumbing and Heating, Inc. ("Milne"), is a Massachusetts corporation with its principal place of business located at 7A Beaver Dam Road, Manchester, Massachusetts, which operated its plumbing business in this judicial district.

4. Defendant, Siemasko and Verbridge, Inc. ("Siemasko"), is a Massachusetts corporation with its principal place of business located at 126 Dodge Street, Beverly, Massachusetts which, operated its architectural business in and about this judicial district.

## JURISDICTION

5. The jurisdiction of this Court is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds $80,000.00.

6. Venue is proper in this judicial district because the events giving rise to plaintiff's claims occurred in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. At all times material hereto, John and Barbara Ferraro were the owners of certain real property, including all improvements thereon and contents located therein, located at and known as 136A Hesperus Avenue, Gloucester, Massachusetts 01930.

8. At all times material hereto, Vigilant provided property insurance to John and Barbara Ferraro for their home located at 136 A Hesperus Avenue Gloucester, Massachusetts.

9. At all times material hereto, defendants Premier and Milne, and each of them, acted by and through their respective employees, agents, servants and workmen, each of whom was working in the course of his employment and within the scope of his authority, subject to the control and direction and for the benefit of his employer.

10. Before February 5, 2005, John and Barbara Ferraro hired and contracted with defendant Premier for defendant Premier to be the general contractor for the construction of a residence to be located at 136 A Hesperus Avenue, Gloucester, Massachusetts.

11. Before February 5, 2005, Premier, on behalf of John and Barbara Ferraro, contracted with Milne for Milne to be the plumbing subcontractor for the construction of the residence of John and Barbara Ferraro to be located at 136 A Hesperus Avenue, Gloucester, Massachusetts.

12. Before February 5, 2005, Premier and Milne had completed their work at the residence and had completed the construction of the residence located at 136 A Hesperus Avenue, Gloucester, Massachusetts.

13. On or about February 5, 2005, a 3/8 inch domestic water supply line running to a steam generator froze, ruptured and caused water to leak and migrate throughout the residence of John and Barbara Ferraro.

14. At the time of the pipe burst and resulting water leak, Mr. and Mrs. Ferraro maintained property insurance for their interests in their residence with Vigilant.

15. Pursuant to the policy of insurance between Mr. and Mrs. Ferraro and Vigilant, Vigilant has made payments to Mr. and Mrs. Ferraro for sums in excess of $500,000.00 and plans to make payments in the future.

16. Vigilant is subrogated to the extent of all payments made or to be made in the future to the rights of Mr. and Mrs. Ferraro against all persons, companies and entities responsible for the water leak and resulting damages.

## COUNT I
### (PLAINTIFF v. DEFENDANTS PREMIER AND MILNE)

17. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

18. The pipe burst and resulting damages were caused proximately by the negligence and carelessness of Premier and Milne, and each of them, including, but not limited to the following:

- a) Improperly designing, installing, and otherwise working on the water supply lines running to the steam generator so as to make and render the water supply lines in a defective and in an unreasonably dangerous condition;

- b) Failing to properly design and install the water supply lines so as to protect the water supply lines from freezing conditions;

- c) Failing to properly install the water supply lines in accordance with the applicable codes an regulations so as to provide adequate provision to protect the water supply lines from freezing;

- d) Improperly installing and designing the structure so as to cause drafts of cold air into the area where the water supply lines were located;

- e) Failing to properly insulate the water supply line for the steam generator;

- f) Failing to provide sufficient heat to the area of the water supply lines;

- g) Installing a domestic water supply line in an exposed, open, or unheated area without adequate provision to make sure that said water supply line was protected from freezing;

- h) Failing to warn Mr. and Mrs. Ferraro that the water supply line for the steam generator was not sufficiently protected against freezing; and

- i) Otherwise failing to exercise reasonable care under the circumstances.

### COUNT II
### (PLAINTIFF v. PREMIER AND MILNE)

19. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

20. Premier and Milne, and each of them, expressly and impliedly warranted that their construction work with respect to their construction and construction work would be safe, non-defective and that their services would be provided in a competent and workmanlike manner.

21. Premier, pursuant to its contract with John and Barbara Ferraro, agreed to act as the general contractor and was responsible for the actions and omissions of its subcontractors, including Milne.

22. Premier and Milne, by their aforesaid conduct, breached and violated their promises, covenants and warranties, all of which caused the water leak and resulting damages.

WHEREFORE, plaintiff, Vigilant Insurance Company, as subrogee of John and Barbara Ferraro, hereby demands judgment against defendant Premier Builders, Inc., and Milne Plumbing & Heating, Inc. in an amount in excess of $750,000.00 together with prejudgment interest, post-judgment interest and costs of this action.

LAW OFFICES OF PATRICK LOFTUS

PATRICK J. LOFTUS, III, ESQUIRE
BBO: 303310
9 Park Street - 5th Floor
Boston, MA 02108
(617) 723-7770

COZEN O'CONNOR
WILLIAM N. CLARK, JR., ESQUIRE
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4101

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Vigilant Insurance Company a/s/o John and Barbara Ferraro v. Premier Builders, Inc. et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 11065 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   n/a

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___ No ___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Northern

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Northern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Patrick J. Loftus, III
ADDRESS 9 Park St. Suite 500 Boston, MA 02108
TELEPHONE NO. 617-723-7770

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Vigilant Insurance Company a/s/o John and Barbara Ferraro

**DEFENDANTS**

Premier Builders, Inc. and Milne Plumbing and Heating, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Somerset
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Patrick J. Loftus, III
Law Office of Patrick J. Loftus, III
9 Park St., Suite 500
Boston, MA 02108      617-723-7770

**ATTORNEYS (IF KNOWN)**

05-11065 RWZ

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

**DEMAND $** 500,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 5/19/05

SIGNATURE OF ATTORNEY OF RECORD /s/ Patrick J. Loftus

UNITED STATES DISTRICT COURT