UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11065-RWZ

VIGILANT INSURANCE COMPANY, as subrogee of JOHN AND BARBARA FERRARO,
    Plaintiff,

v.

PREMIER BUILDERS, INC. AND MILNE PLUMBING AND HEATING, INC.
    Defendants.

**DEFENDANT, MILNE PLUMBING AND HEATING, INC.'S,
ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Milne Plumbing and Heating, Inc. ("Milne"), hereby responds to the individually numbered paragraphs of the Plaintiff's Complaint, as follows:

**PARTIES**

1.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and calls upon the Plaintiff to prove the same.

2.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and calls upon the Plaintiff to prove the same.

3.    The Defendant admits the allegations contained in Paragraph 3.

4.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and calls upon the Plaintiff to prove the same.

**JURISDICTION**

5.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and calls upon the Plaintiff to prove the same.

6.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and calls upon the Plaintiff to prove the same.

**ALLEGATIONS**

7.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and calls upon the Plaintiff to prove the same.

8.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and calls upon the Plaintiff to prove the same.

9.  The Defendant, Milne Plumbing and Heating, Inc., admits that its employee performed work on the home of the Plaintiff's insured.  The Defendant cannot admit or deny the additional language in the paragraph as it lacks sufficient information to admit or deny the language, and it states a conclusion of law.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and calls upon the Plaintiff to prove the same.

11. The Defendant admits the allegations contained in Paragraph 11 to the extent that Milne performed work on the Ferraro home at 136 Hespens Avenue, Gloucester, Massachusetts.

12. The Defendant admits the allegations contained in Paragraph 12 to the extent that Milne performed work on the Ferraro home at 136 Hespens Avenue, Gloucester, Massachusetts.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and calls upon the Plaintiff to prove the same.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and calls upon the Plaintiff to prove the same.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and calls upon the Plaintiff to prove the same.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and calls upon the Plaintiff to prove the same.

## COUNT I

17. The Defendant repeats and realleges its answers to Paragraph Nos. 1 through 16 of the Plaintiff's Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and calls upon the Plaintiff to prove the same.

## COUNT II

19. The Defendant repeats and realleges its answers to Paragraph Nos. 1 through 18 of the Plaintiff's Complaint.

20. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

21. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

22. The Defendant denies the allegations contained in Paragraph 22.

## AFFIRMATIVE DEFENSES

1. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

2. The Court does not have subject matter jurisdiction of the claims alleged.

3. The Court does not have jurisdiction over the person of the Defendant.

4. The venue of this action is improper.

5. The process in this action is insufficient.

6. The service of process in this action is insufficient.

7. The claims arising out of the subject matter of the transactions and occurrences alleged are barred pursuant to M.G.L. ch. 231, §85 because the negligence of Plaintiff is greater than the negligence of the Defendant.

8. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendant.

9. The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third-party for whose conduct the Defendant is not legally responsible.

10. The Defendant is misnamed.

11. The Plaintiff's recovery of damages against the Defendant, if any, is to be reduced under M.G.L. ch. 231, §85 by the amount of the Plaintiff's negligence.

12. If the Plaintiff suffered any injury or damages, as alleged, such injury or damages, if any, were caused by or contributed to, in whole or in part, by the Plaintiff's own misconduct, wrong doing or negligence.

13. The Complaint fails to state a claim upon which relief may be granted.

14. The Defendant did not breach any contract with the Plaintiff or with its insureds, John and Barbara Ferraro.

15. The Defendant performed all work in a workmanlike manner.

16. The Complaint fails to set forth a specific breach of the contract.

17. To the extent the Defendant had any obligations to the Plaintiff; it performed those obligations completely and properly.

WHEREFORE, the Defendant demands that the above-captioned complaint shall be dismissed, that costs and disbursements of this action be awarded in its favor, and that judgment be entered for the Defendant.

## JURY DEMAND

THE DEFENDANT DEMANDS A TRIAL BY JURY IN THE FEDERAL COURT ON ALL ISSUES SO TRIABLE.

> DEFENDANT,
> MILNE PLUMBING AND HEATING, INC.
> By its attorney,
>
> /s/ Kathleen C. Tulloh Brink
> Mintz, Levin, Cohn, Ferris,
>   Glovsky and Popeo, P.C.
> One Financial Center
> Boston, Massachusetts 02111
> (617) 542-6000

Dated: June 23, 2005

LIT 1526172v1