## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, as subrogee of JOHN AND BARBARA FERRARO | CIVIL ACTION NO. 05-cv-11065 |
| Plaintiff, | |
| v. | |
| PREMIER BUILDERS, INC. and MILNE PLUMBING AND HEATING, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## **STIPULATION**

Plaintiff and defendants, by their undersigned counsel, pursuant to Rule 15, hereby consent

to permit plaintiff to file the attached Amended Complaint.

COZEN O'CONNOR

/s/
William N. Clark, Jr., Esquire
Attorney for Plaintiff

LAW OFFICES OF DON FEENER
& ASSOCIATES

/s/
Michael Okolita, Esquire
Attorney for Premier Builders, Inc.

MINTZ, LEVIN, COHN, FERRIS
GLOVSKY AND POPEO

/s/
Kathleen C. Tulloh Brink, Esquire
Attorney for Milne Plumbing and Heating, Inc.

Phila1\2333848\1 160926.000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

VIGILANT INSURANCE COMPANY, as
subrogee of JOHN AND BARBARA
FERRARO
15 Mountainview Road
Warren, New Jersey 07061,

CIVIL ACTION NO. 05-cv-11065

Plaintiff,

v.

PREMIER BUILDERS, INC.
113 Jewett Street
Georgetown, Massachusetts 01833

and

JURY TRIAL DEMANDED

MILNE PLUMBING AND HEATING, INC.
7A Beaver Dam Road
Manchester, Massachusetts 01944

and

SIEMASKO AND VERBRIDGE, INC.
126 Dodge Street
Beverly, Massachusetts 01915,

Defendants.

## AMENDED COMPLAINT

## PARTIES

1.     Plaintiff, Vigilant Insurance Company ("Vigilant"), is a New York corporation

with its principal place of business located at 15 Mountainview Road, Warren, New Jersey,

which is authorized to and did transact its insurance business in this judicial district.

2.     Defendant, Premier Builders, Inc. ("Premier"), is a Massachusetts corporation

with its principal place of business located at 113 Jewett Street, Georgetown, Massachusetts,

which regularly and systematically engaged in its general contracting business in this judicial district.

3.      Defendant, Milne Plumbing and Heating, Inc. ("Milne"), is a Massachusetts corporation with its principal place of business located at 7A Beaver Dam Road, Manchester, Massachusetts, which operated its plumbing business in this judicial district.

4.      Defendant, Siemasko and Verbridge, Inc. ("Siemasko"), is a Massachusetts corporation with its principal place of business located at 126 Dodge Street, Beverly, Massachusetts which operated its architectural business in and about this judicial district.

## JURISDICTION

5.      The jurisdiction of this Court is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds $80,000.00.

6.      Venue is proper in this judicial district because the events giving rise to plaintiff's claims occurred in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7.      At all times material hereto, John and Barbara Ferraro were the owners of certain real property, including all improvements thereon and contents located therein, located at and known as 136A Hesperus Avenue, Gloucester, Massachusetts 01930.

8.      At all times material hereto, Vigilant provided property insurance to John and Barbara Ferraro for their home located at 136 A Hesperus Avenue, Gloucester, Massachusetts.

9.      At all times material hereto, defendants Premier, Milne and Siemasko, and

each of them, acted by and through their respective employees, agents, servants and
workmen, each of whom was working in the course of his employment and within the scope
of his authority, subject to the control and direction and for the benefit of his employer.

10.     Before February 5, 2005, John and Barbara Ferraro hired and contracted
with Siemasko for Siemasko to provide architectural services for the design of a residence
to be located at 136 A Hesperus Avenue, Gloucester, Massachusetts.

11.     Before February 5, 2005, John and Barbara Ferraro hired and contracted
with defendant Premier for defendant Premier to be the general contractor for the
construction of a residence to be located at 136 A Hesperus Avenue, Gloucester,
Massachusetts.

12.     Before February 5, 2005, Premier, on behalf of John and Barbara Ferraro,
contracted with Milne for Milne to be the plumbing subcontractor for the construction of the
residence of John and Barbara Ferraro to be located at 136 A Hesperus Avenue, Gloucester,
Massachusetts.

13.     Before February 5, 2005, Siemasko, Premier and Milne had completed their
work at the residence and had completed the construction of the residence located at 136 A
Hesperus Avenue, Gloucester, Massachusetts.

14.     On or about February 5, 2005, a 3/8 inch domestic water supply line running
to a steam generator froze, ruptured and caused water to leak and migrate throughout the
residence of John and Barbara Ferraro.

15.     At the time of the pipe burst and resulting water leak, Mr. and Mrs. Ferraro
maintained property insurance for their interests in their residence with Vigilant.

16.     Pursuant to the policy of insurance between Mr. and Mrs. Ferraro and

Vigilant, Vigilant has made payments to Mr. and Mrs. Ferraro for sums in excess of

$500,000.00 and plans to make payments in the future.

    17.    Vigilant is subrogated to the extent of all payments made or to be made in the

future to the rights of Mr. and Mrs. Ferraro against all persons, companies and entities

responsible for the water leak and resulting damages.

**COUNT I**
**(PLAINTIFF v. DEFENDANTS PREMIER AND MILNE)**
**(NEGLIGENCE)**

    18.    Plaintiff hereby incorporates by reference each and every allegation set forth

above as fully as if the same were recited herein at length.

    19.    The pipe burst and resulting damages were caused proximately by the negligence

and carelessness of Premier and Milne, and each of them, including, but not limited to the

following:

        a)    Improperly designing, installing, and otherwise working on the
                water supply lines running to the steam generator so as to make
                and render the water supply lines in a defective and in an
                unreasonably dangerous condition;

        b)    Failing to properly design and install the water supply lines
                so as to protect the water supply lines from freezing
                conditions;

        c)    Failing to properly install the water supply lines in
                accordance with the applicable codes an regulations so as to
                provide adequate provision to protect the water supply lines
                from freezing;

        d)    Improperly installing and designing the structure so as to cause
                drafts of cold air into the area where the water supply lines
                were located;

        e)    Failing to properly insulate the water supply line for the
                steam generator;

        f)    Failing to provide sufficient heat to the area of the water supply

lines;

g) Installing a domestic water supply line in an exposed, open, or unheated area without adequate provision to make sure that said water supply line was protected from freezing;

h) Failing to warn Mr. and Mrs. Ferraro that the water supply line for the steam generator was not sufficiently protected against freezing; and

i) Otherwise failing to exercise reasonable care under the circumstances.

## COUNT II
### (PLAINTIFF v. PREMIER AND MILNE)
### (BREACH OF CONTRACT)

20. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

21. Premier and Milne, and each of them, expressly and impliedly warranted that their construction work with respect to their construction and construction work would be safe, non-defective and that their services would be provided in a competent and workmanlike manner.

22. Premier, pursuant to its contract with John and Barbara Ferraro, agreed to act as the general contractor and was responsible for the actions and omissions of its subcontractors, including Milne.

23. Premier and Milne, by their aforesaid conduct, breached and violated their promises, covenants and warranties, all of which caused the water leak and resulting damages.

## COUNT III
### (PLAINTIFF v. SIEMASKO)
### NEGLIGENCE

24.    Plaintiff hereby incorporates by reference each and every allegation set forth

above as fully as if the same were recited herein at length.

25.    The pipe burst and resulting damages were proximately caused by the

negligence and carelessness of Siemasko including, but not limited to, the following:

         a)     Failing to properly design the residence;

         b)     Improperly designing the plumbing system for the residence;

         c)     Failing to design the plumbing system so that it would
                  comply with the applicable codes and regulations;

         d)     Failure to design heat to be placed to the area of the location
                  of the water supply lines;

         e)     Improperly designing the residence so as not to call for the
                  insulation of pipes;

         f)     Failing to adequately inspect the property for deviations from
                  Siemasko's plans;

         g)     Failing to properly inspect the progress of construction to make
                  sure that Premier as the general contractor, and Milne, as the
                  subcontractor, were not deviating from the plans in dangerous
                  ways, including failing to make sure that all domestic water
                  supply lines were adequately protected from freezing; and

         g)     Otherwise failing to exercise reasonable care under the
                  circumstances of ways that may be disclosed during the course
                  of discovery.

## COUNT IV
### (PLAINTIFF v. SIEMASKO)
### BREACH OF CONTRACT

26.    Plaintiff hereby incorporates by reference each and every allegation set forth

above as fully as if the same were recited herein at length.

27.    Siemasko, by its aforesaid conduct, breached its contract with John and Barbara Ferraro, thereby proximately causing the water leak and resulting damages.

WHEREFORE, plaintiff, Vigilant Insurance Company, as subrogee of John and Barbara Ferraro, hereby demands judgment against defendant Premier Builders, Inc., Milne Plumbing & Heating, Inc. and Siemasko and Verbridge, Inc., in an amount in excess of $750,000.00 together with prejudgment interest, post-judgment interest and costs of this action.

COZEN O'CONNOR

William N. Clark, Jr., Esquire
The Atrium – Third Floor
1900 Market Street
Philadelphia PA 19103
(215) 665-4101

LAW OFFICES OF PATRICK LOFTUS
Patrick J. Loftus, III, Esquire
BBO: 303310
9 Park Street, 5th Floor
Boston, MA 0218
(617) 723-7770

## CERTIFICATE OF SERVICE

WILLIAM N. CLARK, JR., ESQUIRE, attorney for plaintiff, hereby certifies that a

true and correct copy of the Amended Complaint was served this 8th day of September, 2005,

via regular mail and electronic filing, addressed as follows:

> Michael Okolita, Esquire
> Law Offices of Don Feener & Associates
> 125 Front Street, Suite 310
> Worchester, MA 01608-1424
>
> Kathleen C. Tulloh Brink, Esquire
> Mintz, Levin, Cohn, Ferris, Glovsky and Popeo
> One Financial Center
> Boston, MA 02111

William N. Clark, Jr., Esquire