**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO: 05-CV-11065RW**

| | |
|---|---|
| **VIGILANT INSURANCE COMPANY, as subrogee of JOHN AND BARBARA FERRARO** | |
| **Plaintiff** | |
| vs. | |
| **PREMIER BUILDERS, INC., MILNE PLUMBING AND HEATING, INC. and SIEMASKO AND VERBRIDGE, INC.** | |
| **Defendants** | |

## ANSWER OF THE DEFENDANT, SIEMASKO AND VERBRIDGE, INC. TO THE PLAINTIFF'S AMENDED COMPLAINT

The defendant, Siemasko and Verbridge, Inc., (hereinafter "Defendant"), Answers the plaintiff's Amended Complaint and alleges as follows:

## PARTIES

1. The defendant can neither admit nor deny the allegations contained in this paragraph.

2. As the allegations contained in this paragraph do not pertain to the defendant, Siemask and Verbridge, Inc., no answer is required. To the extent, if any, these allegations are meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

3. As the allegations contained in this paragraph do not pertain to the defendant, Siemask and Verbridge, Inc., no answer is required. To the extent, if any, these allegations are meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

4. The defendant Siemasko and Verbridge, Inc. admits that it is a Massachusetts corporati with a principal place of business at 126 Dodge Street, Beverly, Massachusetts and tha operates an architectural business. The defendant denies that it is properly named in th paragraph.

## JURISDICTION

5. The defendant states that it can neither admit nor deny the allegations contained in thi
   paragraph and further responds that as the allegations contained in this paragraph state
   legal conclusions, no answer is required.

6. The defendant states that it can neither admit nor deny the allegations contained in thi
   paragraph and further responds that as the allegations contained in this paragraph state
   legal conclusions, no answer is required.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Upon information and belief, the allegations contained in this paragraph are admitted.

8. The defendant can neither admit nor deny the allegations contained in this paragraph.

9. The defendant can neither admit nor deny the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. As the allegations contained in this paragraph do not pertain to the defendant, Siemasl
    and Verbridge, Inc., no answer is required. To the extent, if any, these allegations are
    meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

12. As the allegations contained in this paragraph do not pertain to the defendant, Siemasl
    and Verbridge, Inc., no answer is required. To the extent, if any, these allegations are
    meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

13. The defendant, Siemasko and Verbridge, Inc., admits that prior to February 5, 2005, i
    had completed its work at the property described in the plaintiff's Amended Complain
    The defendant can neither admit nor deny the remaining allegations contained in this
    paragraph.

14. The defendant can neither admit nor deny the allegations contained in this paragraph.

15. The defendant can neither admit nor deny the allegations contained in this paragraph.

16. The defendant can neither admit nor deny the allegations contained in this paragraph.

17. The defendant can neither admit nor deny the allegations contained in this paragraph.

## COUNT I
### (PLAINTIFF V. DEFENDANTS PREMIER AND MILNE)
### (NEGLIGENCE)

18. The defendant restates and reincorporates the answers to paragraphs 1 through 17 as i
    fully set forth herein.

19. a. - i.    As the allegations contained in this paragraph do not pertain to the defendant,
    Siemasko and Verbridge, Inc., no answer is required.  To the extent, if any, these
    allegations are meant to apply to the defendant, Siemasko and Verbridge, Inc., they ar
    denied.

## COUNT II
### (PLAINTIFF V. PREMIER AND MILNE)
### (BREACH OF CONTRACT)

20. The defendant restates and reincorporates the answers to paragraphs 1 through 19 as i
    fully set forth herein.

21. As the allegations contained in this paragraph do not pertain to the defendant, Siemas
    and Verbridge, Inc., no answer is required.  To the extent, if any, these allegations are
    meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

22. As the allegations contained in this paragraph do not pertain to the defendant, Siemas
    and Verbridge, Inc., no answer is required.  To the extent, if any, these allegations are
    meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

23. As the allegations contained in this paragraph do not pertain to the defendant, Siemas
    and Verbridge, Inc., no answer is required.  To the extent, if any, these allegations are
    meant to apply to the defendant, Siemasko and Verbridge, Inc., they are denied.

## COUNT III
### (PLAINTIFF V. SIEMASKO)
### NEGLIGENCE

24. The defendant restates and reincorporates the answers to paragraphs 1 through 23 as i
    fully set forth herein.

25. a. – g.  The defendant denies the allegations contained in this paragraph and its subpa

## COUNT IV
### (PLAINTIFF V. SIEMASKO)
### BREACH OF CONTRACT

26. The defendant restates and reincorporates the answers to paragraphs 1 through 25 as i
    fully set forth herein.

27. The defendant denies the allegations contained in this paragraph.

The defendant denies the allegations contained in the Ad Damnum Clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant says that the damages complained of were caused in whole or in part b the negligence of the plaintiff and/or the plaintiff's insured and that such negligence exceede any negligence on the part of the defendant.

### SECOND AFFIRMATIVE DEFENSE

The defendant says that the plaintiff's and/or the plaintiff's insured's alleged damage resulted from negligence of a third party.

### THIRD AFFIRMATIVE DEFENSE

The defendant says that the plaintiff has to give the defendant notice within a reasona time as required by statute and has failed to do so.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim against the defendant upon which relief may b granted.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the injuries or damages claimed by the plaintiff and/or its insured were caused by a person or person for whose conduct the defendant was not legally responsible and thus the plaintiff's Amended Complaint should be dismissed as to this defen   t.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's Amended Complaint is barred by the applicab statute of repose.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's Amended Complaint is barred by the applicab statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant denies the existence of a contract as described in the plaintiff's Amend
Complaint and thus some or all of the plaintiff's Amended Complaint should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

The defendant states that it has been improperly named in the plaintiff's Amended
Complaint and thus the plaintiff's Amended Complaint should be dismissed as against this
defendant.

## TENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's damages, if any, were the result of unforeseeal
intervening cause for which the defendant is not responsible and thus the plaintiff's Amended
Complaint should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages, if any, were due to a misuse
products described in the plaintiff's Amended Complaint by a party for whom the defendant i
not responsible and thus the plaintiff's Amended Complaint should be dismissed.

## THE DEFENDANT, SIEMANSKO AND VERBRIDGE, INC., DEMANDS A TRIAL I JURY ON ALL ISSUES.

The defendant,
By its attorneys,

John J. Jarosak
BBO #545998
Litchfield Cavo LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
(781) 309-1500
(781) 246-0167 Fax

## CERTIFICATE OF SERVICE

I, John J. Jarosak, hereby certify that on September 22, 2005, I served the within document by first class mail, postage prepaid, to the following:

William N. Clark, Jr., Esquire
COZEN O'CONNOR
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA 19103

Patrick J. Loftus, III, Esquire
LAW OFFICES OF PATRICK LOFTUS
9 Park Street, 5th Floor
Boston, MA 02108

Michael Okolita, Esquire
Law Offices of Donald E. Feener & Associates
120 Front Street
Worcester, MA 01608

Kathleen C. Tulloh Brink, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

John J. Jarosak

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO: 05-CV-11065RW**

VIGILANT INSURANCE COMPANY, as
subrogee of JOHN AND BARBARA
FERRARO
      **Plaintiff**

vs.

PREMIER BUILDERS, INC., MILNE
PLUMBING AND HEATING, INC. and
SIEMASKO AND VERBRIDGE, INC.
      **Defendants**

## CROSSCLAIM OF THE DEFENDANT, SIEMASKO AND VERBRIDGE, INC.

### COUNT I

1.    The defendant/cross claimant, Siemasko +Verbridge, Inc., (S+V) is a corporati
organized under the laws of the Commonwealth of Massachusetts with a princ
place of business in Beverly, Massachusetts.

2.    The defendant/defendant in crossclaim, Premier Builders, Inc. (Premier) is, up
information and belief, a corporation organized under the laws of the
Commonwealth of Massachusetts with a principal place of business in
Georgetown, Massachusetts.

3.    The plaintiff, Vigilant Insurance Company, as subrogee of John and Barbara
Ferraro (Vigilant) has filed an Amended Complaint against the defendants
alleging that its insureds sustained damages as a result of the negligence of the
defendant in designing and/or constructing a home located at 136A Hesperus
Avenue, Gloucester, Massachusetts 01930.

4.    If the defendant/cross claimant, S+V, is found liable to the plaintiff, which
liability is specifically denied, the defendant/cross claimant alleges that the
defendant/defendant in crossclaim, Premier, was negligent in the manner in w   h
it supervised and or carried out construction activities at the property describe   1
the plaintiff's Amended Complaint and thus caused and/or contributed to the
plaintiff's alleged loss.

WHEREFORE, the defendant/cross claimant demands judgment for contribution from
the defendant/defendant in cross claim, Premier, pursuant to applicable law together wi
attorneys fees and costs.

## COUNT II

5.      The defendant/cross claimant restates and realleges the allegations contained in
        paragraphs 1 through 4 of Count I of this crossclaim as it specifically sets forth
        herein.

6.      If the defendant/cross claimant is found liable to the plaintiff, which liability is
        specifically denied, the defendant/cross claimant states that its liability is strictl
        vicarious and is due solely to the negligence of the defendant/defendant in
        crossclaim, Premier.

WHEREFORE, the defendant/cross claimant demands judgment for indemnification
from the defendant/defendant in crossclaim, Premier, together with attorneys fees and
costs.

## COUNT III

7.      The defendant/cross claimant restates and realleges the allegations contained ir
        paragraphs 1 through 4 of Count I and paragraphs 5 through 6 of Count II of th
        crossclaim as if specifically sets forth herein.

8.      The defendant/defendant in crossclaim, Milne Plumbing and Heating, Inc.(Mil    ,
        is, upon information and belief, a corporation organized under the laws of the
        Commonwealth of Massachusetts with a principal place of business in
        Manchester, Massachusetts.

9.      The plaintiff, Vigilant Insurance Company, as subrogee of John and Barbara
        Ferraro (Vigilant) has filed an Amended Complaint against the defendants
        alleging that its insureds sustained damages as a result of the negligence of the
        defendant in designing and/or constructing a home located at 136A Hesperus
        Avenue, Gloucester, Massachusetts 01930.

10.     If the defendant/cross claimant, S+V, is found liable to the plaintiff, which
        liability is specifically denied, the defendant/cross claimant alleges that the
        defendant/defendant in crossclaim, Milne, was negligent in the manner in whi   it
        supervised and or carried out construction activities at the property described
        the plaintiff's Amended Complaint and thus caused and/or contributed to the
        plaintiff's alleged loss.

WHEREFORE, the defendant/cross claimant demands judgment for contribution fro
the defendant/defendant in cross claim, Milne, pursuant to applicable law together w
attorneys fees and costs.

## COUNT IV

11.    The defendant/cross claimant restates and realleges the allegations contained in paragraphs 1 through 4 of Count I, paragraphs 5 through 6 of Count II and paragraphs 7 through 10 of Count III of this crossclaim as if specifically sets for herein.

12.    If the defendant/cross claimant is found liable to the plaintiff, which liability is specifically denied, the defendant/cross claimant states that its liability is strictly vicarious and is due solely to the negligence of the defendant/defendant in crossclaim, Milne.

WHEREFORE, the defendant/cross claimant demands judgment for indemnification from the defendant/defendant in crossclaim, Milne, together with attorneys fees and costs.

## THE DEFENDANT/CROSS CLAIMANT, SIEMASKO AND VERBRIDGE, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES.

The defendant,
By its attorneys,

John J. Jarosak
BBO #545998
Litchfield Cavo LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
(781) 309-1500
(781) 246-0167 Fax

## CERTIFICATE OF SERVICE

I, John J. Jarosak, hereby certify that on September 26, 2005, I served the within document by first class mail, postage prepaid, to the following:

William N. Clark, Jr., Esquire
COZEN O'CONNOR
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA  19103

Patrick J. Loftus, III, Esquire
LAW OFFICES OF PATRICK LOFTUS
9 Park Street, 5th Floor
Boston, MA  02108

Michael Okolita, Esquire
Law Offices of Donald E. Feener & Associates
120 Front Street
Worcester, MA  01608

Kathleen C. Tulloh Brink, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375

John J. Jarosak