IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, as subrogee of JOHN AND BARBARA FERRARO<br><br>Plaintiff,<br><br>v.<br><br>PREMIER BUILDERS, INC. and<br>MILNE PLUMBING AND HEATING, INC.<br><br>Defendants. | CIVIL ACTION NO. 05-CV-11065 |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR FROZEN WATER LINES**

I.  **INTRODUCTION**

Plaintiff, Vigilant Insurance Company, as subrogee of John and Barbara Ferraro, seeks recovery for the extensive property damage sustained due to the freeze-up and rupture of a 3/8 inch water supply line running to a steam generator for a steam shower located in a second floor bathroom. The steam generator was installed by defendants Premier and Milne in an unheated eave. Plaintiff anticipates that defendants will seek to introduce evidence of two prior occasions when water lines froze in the Ferraro residence. As the prior failures did not occur under similar circumstances, plaintiff respectfully hereby moves this Court to preclude any evidence of the unrelated freeze-ups.

II.  **BRIEF STATEMENT OF FACTS**

This loss involves the freeze-up of a 3/8 inch water line in a steam generator located in the Ferraro's daughter Claire's bathroom. Plaintiff alleges that the steam generator should not have

been placed in an unheated eave and surrounded with a box and insulation. Instead, the generator should have been installed in the basement with the water lines running interior to the residence.

During discovery, the defendants described two occasions where water lines within the Ferraro residence had become frozen, but did not burst or cause property damage. The first occasion involved a freezing of a water line running to a Jacuzzi tub in the Ferraro's master suite. The second incident involved the freezing of water running in an exterior wall in Claire's bathroom. Notably, this water line was nowhere near and did not share a common wall or area with the subject water line. In both occasions there were no water leaks and the lines were repaired by Premier Builders and Milne Plumbing. On both occasions, the prior incidents were caused by defects with the insulation of the area where those particular water lines were located.

### III. LEGAL ARGUMENT

Federal Rules of Evidence 401 and 402 address relevancy, which is the most basic requirement for the admission of any piece of evidence at trial. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Pursuant to Rule 402, "[e]vidence which is not relevant is not admissible." Moreover, Rule 403 permits the Court to exclude relevant evidence which it determines to be confusing, misleading, or unfairly prejudicial to the opposing party.

The admissibility of prior accidents is limited to those situations where the accidents occurred "under circumstances *substantially similar* to those at issue in the case at bar." McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981) (*emphasis added*); see also, e.g., Standard Oil Co. of New York v. R. L. Pitcher Co., 289 F. 678, 685-86 (1st. Cir. 1923) (holding that testimony as to other fires was properly excluded in a negligence action where the circumstances of the other fires were not the same as the fire at issue). In other words, there must be a basic similarity of conditions and facts.

Where the requisite similarity of conditions and facts is absent, any probative value is outweighed by its prejudicial and misleading nature.

Here, the unrelated freeze-ups are not "substantially similar". First, the unrelated freeze-ups did not occur to the plumbing line at issue in this case. Next, the unrelated freeze-ups occurred in heated areas which is different from the facts in this case. There is no basis for comparing the conditions and facts of the freeze-ups in the unrelated eave with the freeze-ups in the winter of 2003/2004. The prior freeze-ups are irrelevant and should be excluded.

Additionally, if the Court permits evidence of the unrelated freeze-ups, it will become incumbent upon plaintiff to distinguish the prior incidents on their facts and circumstances. If this is required, this litigation will be further complicated by a "trial within a trial" as plaintiff and defendants contest the similarities and distinctions of the prior freeze-ups. This would cause undue delay and/or waste of time, in violation of Federal Rule of Evidence 403. As the First Circuit explained, "[e]ven when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility." McKinnon, 638 F.2d at 277. Permitting evidence about the prior freeze-ups would only confuse the primary issue of this case: whether it was proper for defendants to place the steam generator in an unheated area.

Based on the foregoing discussion, evidence of the unrelated prior freezings should be excluded because they are not substantially similar to the freeze-up in the eave and would result in confusion and undue trial time on a collateral and irrelevant issue.

IV.     **CONCLUSION**

WHEREFORE, plaintiff respectfully requests that this Court preclude all parties from introducing any evidence of the prior freeze-ups.

Respectfully submitted,

/s/ William N. Clark, Jr., Esquire
William N. Clark, Jr., Esquire
Cozen O'Connor
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA  19103
215-665-4102

CO-COUNSEL:
Patrick J. Loftus, III, Esquire
BBO #303310
9 Park Street - Suite 500
Boston, MA  02108
(617) 723-7770

DATED:      August 16, 2006

4

## CERTIFICATE OF SERVICE

I, William N. Clark, Jr., Esquire, attorney for Plaintiff, do hereby certify that a true and exact copy of Plaintiff's Motion in Limine has been served upon counsel by electronic filing, this 16th day of August, 2006, addressed as follows:

Michael Okolita, Esquire
Law Offices of Don Feener & Assoc.
125 Front Street, Suite 310
Worchester, MA  01608-1424

John J. Jarosak, Esquire
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynfield, MA  01940

John F. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375


　　　　　　　　　　　　　　　　　　　/s/ William N. Clark, Jr., Esquire
　　　　　　　　　　　　　　　　　　　WILLIAM N. CLARK, JR., ESQUIRE