UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05 11065 RWZ

VIGILANT INSURANCE COMPANY, as )
subrogee of JOHN and BARBARA FERRARO, )
        Plaintiff     )
                        )
        VS.          )
                        )
PREMIER BUILDERS, INC., and )
MILNE PLUMBING AND HEATING, INC. )
        Defendants     )

**DEFENDANT, PREMIER BUILDERS, INC.'S, MOTION IN LIMINE TO PRECLUDE TESTIMONY OF STEVEN R. FREDERICKSON AS TO THE CAUSE OF THE FROZEN WATER LINE AND OF ANY HIGH WINDS THAT SUPPOSEDLY CAUSED MOVEMENT OF FIBERGLASS BATT INSULATION AROUND THE STEAM GENERATOR CABINET**

Premier Builders, Inc. hereby moves to limit the testimony of the co-defendant's, Milne Plumbing and Heating, Inc.'s, purported expert witness, Steven R. Frederickson. At the time of the drafting of this motion Mr. Frederickson has yet to be deposed and only recently, on August 31, 2006, did defense counsel for Premier Builders, Inc. receive Mr. Frederickson's purported opinions. (It is expected that additional supporting documentation by way of Mr. Frederickson's deposition testimony will be provided to the court prior to the start of trial.)

Mr. Frederickson is expected to testify that high winds supposedly caused the fiberglass BATT insulation to move around the exterior of the steam generator cabinet and supposedly caused the freeze-up of the water line pipe. (See Exhibit 1) Such a conclusion flies in the face of Mr. Frederickson's original

letter of May 15, 2005 wherein he stated that he was unable to determine the cause of the frozen line. (See Exhibit 2)

There is absolutely no evidence of any high winds in the soffits or in the eaves of the Ferraro home nor is there any evidence that the fiberglass BATT insulation moved at all prior to the pipe's freeze-up.  Mr. Frederickson, himself, acknowledges that he is unable to determine the actual cause of the frozen line in his initial report of May 15, 2005.  Any opinion other than the fact that he has no such explanation for the freeze-up flies in the face of his original report of May 15, 2005 and is unsupported by actual evidence.

In light of the fact that Mr. Frederickson's expected "expert" testimony is based on nothing more than speculation and is contradicted by his original opinion of no explanation for the freeze-up, it is imperative that Mr. Frederickson be precluded from offering any opinion as to the cause of the freeze-up and also be precluded from offering any testimony of the possible movement of the fiberglass BATT insulation that surrounded the steam generator cabinet.

        Premier Builders, Inc.
        By its attorney:

        /s/ Michael E. Okolita, Esquire
        Michael E. Okolita, Esquire
        Donald E. Feener & Associates
        120 Front Street, Suite 310
        Worcester, MA 01608-1424
        (508) 798-0717
        BBO: 378255
        Dated:  September 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have on this day served a copy of the foregoing by electronic filing:

**Defendant, Premier Builders, Inc.'s, Motion in Limine to Preclude Testimony of Steven R. Federickson as to the cause of the frozen water line and of any high winds that supposedly caused movement of fiberglass BATT Insulation around the steam generator cabinet**

by mailing a copy of same postage prepaid to:

Patrick J. Loftus, III, Esquire
9 Park Street; 5th Floor
Boston, MA  02108
**Attorney for the Plaintiff**

William N. Clark, Jr., Esquire
COZEN O'CONNOR
The Atrium-Third Floor
1900 Market Street
Philadelphia, PA  19103
**Attorney for the Plaintiff**

John J. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
**Counsel for co-deft., Milne Plumbing & Heating, Inc.:**

/s/ Michael E. Okolita, Esquire
Michael E. Okolita, Esquire

Dated:  September 18, 2006