UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05 11065 RWZ

VIGILANT INSURANCE COMPANY, as )
subrogee of JOHN and BARBARA FERRARO, )
        Plaintiff )
         )
VS. )
         )
PREMIER BUILDERS, INC., and )
MILNE PLUMBING AND HEATING, INC. )
        Defendants )

**DEFENDANT, PREMIER BUILDERS, INC.'S, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF A DRAFT IN THE STEAM CABINET**

Premier Builders, Inc. moves to preclude all evidence of a draft detected inside the steam generator cabinet approximately one week after the discovery of the water damage to the Ferraros' home. The draft inside the steam generator cabinet was detected by Lester Mac Laughlin on February 12, 2005 (one full week after the burst pipe and resulting water damage had been discovered), simply by placing his hand inside the cabinet. Mr. MacLaughlin made no further examination of the cabinet and is unable to offer any testimony as to the manner in which the cabinet was built, the source of the draft or whether a draft existed at any time prior to the freeze-up and bursting of the water pipe in the steam generator cabinet. (At the time of the filing of this motion in limine the parties still have not received the deposition transcript of Mr. MacLaughlin. Supporting documentation will be provided to the court prior to the start of trial.)

The plaintiff's expert witness, David Cowen, has relied on the evidence of the draft detected post-loss to conclude that the cabinet was not properly

constructed and that a draft inside the cabinet contributed to the pipe's freeze-up. Mr. Cowen, however, testified at his deposition that he has no evidence of any draft having occurred inside the cabinet prior to the loss and acknowledged that he cannot state that there ever was a draft inside the cabinet at any time prior to the loss. (At the time of the filing of this motion in limine the parties have yet to receive Mr. Cowen's deposition transcript. Supporting documentation will be provided to the court prior to trial.)

All of the evidence prior to the loss with regard to the manner in which the cabinet was built and insulated indicated that it was solidly built and properly insulated and that no drafts were ever detected. Among various individuals who had inspected the cabinet and detected no drafts prior to the loss include Scott Milne, the president of the defendant, Milne Plumbing & Heating, Inc., Christopher Payson, a Milne employee, and even the plaintiff's own insureds, John Ferraro and Barbara Ferraro. (See Exhibits 1-4 attached hereto.) None ever detected a draft and several concluded that the cabinet was well built.

There is no doubt that there was a freeze-up and bursting of the water pipe inside the cabinet. It was this water from the burst pipe that flowed through the cabinet down to the floors below and caused approximately $900,000 damage to the Ferraros' home. The leak had been ongoing for weeks, according to the deposition testimony of Scott Milne (Exhibit 1, page 127). Certainly, there was extensive damage to the steam generator cabinet caused by the burst pipe. The water damage to the steam generator cabinet was so extensive that it had to

be replaced rather than repaired and was subsequently ripped out by the demolition contractor.

A draft detected a full week after the water damage was discovered is irrelevant as to the cause of the freeze-up and bursting of the pipe. All observations of the cabinet pre-loss, including observations by the plaintiff's insureds and employees of the co-defendant, Milne, found the cabinet to be solidly constructed and without drafts. Obviously, the draft observed one week later was caused by changes to the cabinet caused by the massive flooding inside the cabinet.

Upon receipt of the supporting deposition testimony, excerpts of the testimony of the witnesses will be supplied to the court.

For reasons set forth above, the defendant, Premier Builders, Inc., respectfully requests that the motion in limine be allowed.

>Premier Builders, Inc.
>By its attorney:
>
>/s/ Michael E. Okolita, Esquire
>Michael E. Okolita, Esquire
>Donald E. Feener & Associates
>120 Front Street, Suite 310
>Worcester, MA 01608-1424
>(508) 798-0717
>BBO: 378255
>Dated: September 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify under the pains and penalties of perjury that I have on this day served a copy of the foregoing:

**DEFENDANT, PREMIER BUILDERS, INC.'S, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF A DRAFT IN THE STEAM CABINET**

by mailing a copy of same postage prepaid to:

Patrick J. Loftus, III, Esquire
9 Park Street; 5th Floor
Boston, MA  02108
**Attorney for the Plaintiff**

William N. Clark, Jr., Esquire
COZEN O'CONNOR
The Atrium-Third Floor
1900 Market Street
Philadelphia, PA  19103
**Attorney for the Plaintiff**

John J. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
**Counsel for co-deft., Milne Plumbing & Heating, Inc.:**

                                                /s/ Michael E. Okolita, Esquire
                                                Michael E. Okolita, Esquire

Dated:  September 18, 2006

Case 1:05-cv-11065-RWZ     Document 28     Filed 09/18/2006     Page 5 of 5