UNITED STATES DISTRICT COURT
DISTRICT COURT MASSACHUSETTS

CIVIL ACTION NUMBER: 2005 CV 11065 RWZ

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, | ) |
| as subrogee of | ) |
| JOHN AND BARBARA FERRARO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| PREMIER BUILDERS, INC. and | ) |
| MILNE PLUMBING AND HEATING, INC., | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM IN SUPPORT *DEFENDANT, MILNE PLUMBING AND HEATING, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE STEAM GENERATOR WAS SUBSEQUENTLY LOCATED IN THE BASEMENT***

In seeking to exclude evidence that the steam generator was subsequently located in the basement, the defendant relies upon Rules 403 and 407 of the Federal Rules of Evidence.

**I.    Locating the Steam Generator in the Basement was a Subsequent Remedial Measure and is Therefore Inadmissible.**

Fed.R.Evid. 407 provides that evidence concerning "subsequent remedial measures" is not admissible at trial. The Rule states "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event."

One of the objectives of Rule 407 is to avoid unfairly prejudicing the defendant. Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (C.A.1 (N.H.) 1991). In other words to prevent a jury from equating subsequent design modifications as an admissions of negligence. "Such evidence also distracts the jury from the relevant time frame for its inquiry, i.e., whether the product was defective at the time of manufacture and sale." Id.

While feasibility provides an exception to Rule 407, it only applies when feasibility is being controverted. Milne provided responses to the plaintiff's request for admissions wherein he stated that it was feasible that the steam generator could have been installed in the basement. See Defendant Milne Plumbing and Heating, Inc.'s Response to Plaintiff's Request for Admissions, Response No. 10, attached as Exhibit A.

## **CONCLUSION**

Wherefore, the defendant Milne Plumbing and Heating, Inc. requests this court exclude evidence that the steam generator was subsequently located in the basement.

/s/ John F. Gleavy

_____
Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 626 888
Attorneys for Defendants
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants upon receipt of notification of same from the court.

/s/ John F. Gleavy

_____

John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT COURT MASSACHUSETTS

CIVIL ACTION NUMBER: 2005 CV 11065 RWZ

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, <br> as subrogee of <br> JOHN AND BARBARA FERRARO, <br><br> Plaintiff <br><br> vs. <br><br> PREMIER BUILDERS, INC. and <br> MILNE PLUMBING AND HEATING, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### *DEFENDANT, MILNE PLUMBING AND HEATING, INC.'S*
### *RESPONSES TO PLAINTIFF,*
### *VIGILANT INSURANCE COMPANY'S*
### *ADMISSIONS*

Now comes the defendant, Milne Plumbing and Heating, Inc. and in response to plaintiff's request for production of documents and says:

REQUEST NO. 1
Defendant Milne installed the steam generator.

RESPONSE NO. 1
Admitted.

REQUEST NO. 2
Defendant Milne installed the 3/8" water supply line running through the steam generator.

RESPONSE NO. 2
Admitted.

REQUEST NO. 3
Milne Plumbing did not freeze the 3/8" water line running to the steam generator from freezing.

RESPONSE NO. 3
Objection. Milne Plumbing objects to this request as unintelligible as written. Otherwise, the request for admission is denied.

REQUEST NO. 4
The temperature in the steam generator closet reached 32F or below before February 4, 2005.

RESPONSE NO. 4
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 5
The temperature was able to reach 32F or below in the steam generator closet because of the draft that was discovered on February 11, 2005 by Lester MacLaughlin.

RESPONSE NO. 5
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 6
The February 5, 2005 water leak was caused by a freezing of the 3/8" water line.

RESPONSE NO. 6
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 7
The steam generator could have been installed in the basement during the construction of the property.

RESPONSE NO. 7
Admitted to the extent that the basement was a possible location for the steam generator, but denied to the extent that Milne Plumbing had the authority to locate the steam generator in the basement.

REQUEST NO. 8
During the installation of the steam generator during the construction of the property, Milne was responsible for controlling where the steam generator was to be installed.

RESPONSE NO. 8
Denied.

REQUEST NO. 9
During the installation of the steam generator during the construction of the property, Premier was responsible for controlling where the steam generator was to be installed.

RESPONSE NO. 9
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 10
During the installation of the steam generator during the construction of the property, it was feasible for the steam generator be located in the basement.

RESPONSE NO. 10
Admitted.

REQUEST NO. 11
The steam generator cabinet was not sealed.

RESPONSE NO. 11
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 12
The steam generator cabinet could have been sealed using a polyurethane foam sealant.

RESPONSE NO. 12
Admitted.

REQUEST NO. 13
If the steam generator cabinet had been sealed with a polyurethane foam sealant, the temperature inside of the steam generator cabinet would not have reached 32F or below.

RESPONSE NO. 13
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 14
If the temperature in the steam generator cabinet was above 32F, the 3/8" water supply line would not have froze.

RESPONSE NO. 14
Admitted.

REQUEST NO. 15
The lowest recorded temperature reached in Gloucester, Massachusetts, from the time of the installation of the steam generator to February 4, 2005 occurred on January 22, 2005.

RESPONSE NO. 15
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 16
From January 22, 2005 until February 4, 2005 the thermostat for the forced air heat for the zone covering Clare's bathroom was set at 62F.

RESPONSE NO. 16
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 17
From January 22, 2005 until February 4, 2005 the thermostat for the radiant heat for Clare' bathroom was set at 88F or higher.

RESPONSE NO. 17
Milne Plumbing is without sufficient information to admit or deny this request.

REQUEST NO. 18
The installation of the water line without freeze protection violated the standard of care for reasonable plumbers.

RESPONSE NO. 18
Denied.

Jan 06 06 12:33p Milne Plumbing and Heating 8927056175 p.2
Case 1:05-cv-11066-RWZ Document 36-2 Filed 09/18/2006 Page 5 of 5
JAN.06'2006 11:30 5082302510 Lynch & Lynch #7012 P.005

REQUEST NO. 19
Milne was negligent in failing to freeze protect a 3/8" water line.

RESPONSE NO. 19
Denied.

REQUEST NO. 20
The failure to freeze protect a 3/8" water line located in an unheated area caused the ¾" water line to freeze.

RESPONSE NO. 20
Denied.

REQUEST NO.: 21
The failure to freeze protect the 3/8" water line proximately caused the water leak and water damage to the property.

RESPONSE.: 21
Denied.

REQUEST NO.: 22
If Milne had freeze protected the 3/8" water line, the water line would not have froze.

RESPONSE NO.: 22
Milne Plumbing is without sufficient information to admit or deny this request.

Signed under the pains and penalties of perjury this 6th day of January 2006

_____
for Milne Pluming and Heating, Inc.

From the office of:

_____
Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500