UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05 11065 RWZ

VIGILANT INSURANCE COMPANY, as )
subrogee of JOHN and BARBARA FERRARO, )
        Plaintiff )
 )
VS. )
 )
PREMIER BUILDERS, INC., and )
MILNE PLUMBING AND HEATING, INC. )
        Defendants )

**DEFENDANT, PREMIER BUILDERS, INC.'S,
NOTICE OF FILING EXHIBITS "1" AND "2"
AS TO ITS FIRST MOTION IN LIMINE**

Defendant, Premier Builders, Inc., will file and serve upon the court and counsel of record by mailing, postage prepaid, the following:

    **Exhibit "1":** Report of Steven R. Frederickson dated August 27, 2006; and
    **Exhibit "2":** Report of Seven R. Frederickson dated May 15 2005

in connection with its Motion in Limine to preclude testimony of Steven R. Frederickson as to the cause of the frozen water line and of any high winds that supposedly caused movement of fiberglass BATT insulation around the steam generator cabinet, said motion having been filed electronically on September 18, 2006.

                    /s/ Michael E. Okolita, Esquire
                    Michael E. Okolita, Esquire
                    Donald E. Feener & Associates
                    120 Front Street, Suite 310
                    Worcester, MA 01608-1424
                    (508) 798-0717
                    BBO: 378255
                    Dated: September 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have on this day served a copy of the foregoing:

**DEFENDANT, PREMIER BUILDERS, INC.'S, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF A DRAFT IN THE STEAM CABINET**

by mailing a copy of same postage prepaid to:

Patrick J. Loftus, III, Esquire
9 Park Street; 5th Floor
Boston, MA  02108
**Attorney for the Plaintiff**

William N. Clark, Jr., Esquire
COZEN O'CONNOR
The Atrium-Third Floor
1900 Market Street
Philadelphia, PA  19103
**Attorney for the Plaintiff**

John J. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
**Counsel for co-deft., Milne Plumbing & Heating, Inc.:**

/s/ Michael E. Okolita, Esquire
Michael E. Okolita, Esquire

Dated:  September 18, 2006

**EXHIBIT "1"**

**REPORT OF STEVEN R. FREDERICKSON DATED AUGUST 27, 2006**

Date: August 27, 2006
RE: 136 Hesperus Street, Gloucester, MA
Assessment of Cause of Water Damage

On February 24, 2005 I conducted an inspection of the above referenced property for the purpose of determining the cause of interior water damage. Subsequent to that inspection, I was provided with the following documents:

1. Witness Deposition transcripts
2. Document Production Responses and Answers to Interrogatories
3. Photographs of the Ferraro's residence
4. Bid Packages for plumbing
5. Contract between Premier Builders and the Ferraro's
6. Design drawings of the Ferraro residence
7. Expert Disclosures of Vigilant Insurance, Premier Builders, Inc and Siemasko & Verbridge, Inc.

Based on my review of the materials provided, construction drawings and specifications for the Ferraro's house were prepared by Siemasko & Verbridge, and Premier Builders was the general contractor. It appears that Premier Builders contracted with Milne Plumbing to perform the plumbing work.

It is my understanding, based on review of the documents, that the issue of the placement of the steam generator for the steam shower unit in the subject bathroom (a.k.a. Claire's' bathroom) arose during construction. The plans and specifications for the house as provided by Siemasko & Verbridge did not provide a location for the steam generator, and there were various discussions regarding the placement of the unit.

Location of the steam generator in a closet away from an outer wall was apparently discussed but this location was not used due to concerns about lost storage space. It was ultimately decided that the steam generator would be located in an insulated enclosure to be constructed between the front eaves and a kneewall at the front of the bathroom. The steam generator would be accessed via cabinet doors located in the bathroom.

It is my understanding that there were discussions regarding the installation of louvered doors to access the enclosure of the steam generator, but this option was not used due to aesthetic reasons.

Employees of Premier Builders testified as to the construction of the enclosure and its insulation. According to witness Jody Torbett and Rick Middleton of Premier Builders, the enclosure was insulated with rigid insulation. Layers of batt insulation were utilized

136 Hesperus Street, Gloucester, MA  
Assessment of Cause of Water Damage

Page 2  
August 27, 2006

to provide additional insulation to the enclosure. The cabinet doors were apparently installed so that when closed, a gap would remain between the doors to allow heat from the bathroom to enter the enclosure.

In my opinion, locating a steam generator in an insulated enclosure between the eaves and the bathroom is permitted by the Commonwealth of Massachusetts State Plumbing Code. The State Plumbing Code does not require insulation of any plumbing that is located within a conditioned space.

The pipe in question was not located outside or under a building. The pipe was located within the insulated enclosure, which should have prevented the pipe from being directly influenced by freezing temperatures. The pipe was separated from the heat source in the bathroom only by uninsulated cabinet doors. In my opinion, the enclosure therefore would be considered part of the conditioned space.

I had inspected the premises on February 24, 2005 and at that time the insulation and plywood that enclosed the steam generator had been removed. Therefore, I was unable to inspect the installation of the insulation that enclosed the steam generator. The testimony of Premier Builders ad Milne Plumbing indicate that the enclosure was fully insulated so as to prevent drafts and freezing.

I reviewed photographs of the enclosure that were taken following discovery of the leak and the photographs appear to show gaps in the rigid insulation at the rear of the enclosure. Being unable to inspect the enclosure and the insulation, it is difficult to offer an opinion as to whether the enclosure was properly insulated.

The bathroom was heated by forced hot air and radiant heat. The doors to the enclosure were reportedly constructed to allow a gap between the doors when closed, allowing heat from the bathroom to enter the enclosure to prevent freezing of the pipes within the enclosure.

It is clear that the water damage was due to the fact that water in the supply pipe to the steam generator froze and the pipe burst. The freezing was likely due to high winds entering the soffit vents, which dislodged the fiberglass batt insulation at the rear of the enclosure (based on information provided to me at the site). Winds would then have entered the enclosure through gaps in the rigid insulation. The fiberglass batts apparently were not sufficiently secured to prevent winds from blowing the batts loose, and gaps in the rigid insulation were apparently not sufficiently sealed to prevent wind infiltration into the enclosure.

Insulation of the supply pipe could have helped, but it could not have been anticipated that the insulation that separated the enclosure from the exterior unheated space would not have provided adequate protection. Even if the pipe had been insulated, it can not be confirmed that this insulation, either alone or in addition to the enclosure insulation, would have been sufficient to prevent the pipe from freezing.

136 Hesperus Street, Gloucester, MA  
Assessment of Cause of Water Damage  

Page 3  
August 27, 2006

I hope that this addresses all of your concerns. If I can be of additional he p. please contact me.

Sincerely,

*[signature]*

Steven R. Frederickson, P.E.

SUMMARY OF TESTIMONY
Steven R. Frederickson, P.E.
June 4, 2006

1. Clarida Dela-Cruz v. Elena Chazulle-Colon, Attorney McNaught, Moriarty & McNaught - Expert testimony on 1/14/95 in Lawrence Housing Court. Testimony was for the defendant on a trip-and-fall on an interior threshold.
2. Maria Consolino v. Whittier Partners, Attorney Iannella & Mummolo - Expert testimony on 10/17/95 in Suffolk Superior Court. Testimony was for the plaintiff regarding a slip on a wet marble exterior floor
3. Gary MacDonald v. Joseph Salem, Attorney Iannella & Mummolo - Expert testimony on 1/26/96 in Lowell Superior Court. Testimony was for the plaintiff regarding a fall on an interior stairway
4. Brian Piercey v. American Home Inspection, Inc., Attorney Ballin & Levine - Expert testimony on 3/6/96 in Malden District Court regarding an improper pre-purchase home inspection
5. Rimma Vaks v. James Miller - Testimony for plaintiff regarding quality of construction for residential addition - Testimony on 10/26/98 at Waltham District Court
6. Craig Burnham v. City of Salem, MA - Salem District Court - Expert testimony for plaintiff on 12/8/99 on the use of driven pile
7. 1/17/06 – Lynn Superior Court – 2 Bria Circle, Saugus -- Blasting damage

In addition, I have given testimony in three arbitrations: one regarding wind-driven rain damage to a house in Revere, one regarding a collapsed warehouse roof truss in Franklin, MA, and one regarding a collapsed barn roof in Plympton, MA. In June, 1999 I gave a deposition on a Lewiston Maine mill building roof collapse.

Finally. I was called to testify on Kerry Kelly v. Brinderson Corporation, Attorney Iannella & Mummolo, on behalf of the plaintiff regarding an injury due to a trench collapse on a construction site. I appeared in Lawrence Superior Court on 9/20/95, but the case was settled immediately prior to my testimony.

**EXHIBIT "2"**

**REPORT OF STEVEN R. FREDERICKSON DATED MAY 15, 2005**

Date:  May 15, 2005
RE:    136 Hesperus Street, Gloucester, MA
       Assessment of Cause of Water Damage

On February 24, 2005 I conducted an inspection of the above referenced property for the purpose of determining the cause of interior water damage. The structure is a new 1½-story, wood-framed, single family dwelling. The main roof is gable-framed. The roof slopes down to the front and rear.

The rear of the property abuts the ocean. The property is elevated high above sea level, making is susceptible to high winds.

There is a bathroom on the second floor, under the sloped roof at the front of the house. There is a steam room in the bathroom, and the steam generator is located in the kneewall space under the sloped ceiling to the front of the steam room. The steam generator was enclosed with a wood stud wall compartment, sheathed with plywood on all sides. The compartment was then insulated with rigid insulation.

A copper water supply pipe that feeds the steam generator recently burst, causing water damage in the house. I was shown a piece of the failed pipe and there is a small section that has split. It appears clear that this split is due to a frozen line.

At the time of my inspection, damaged areas were in the process of being repaired. Damaged wall, floor and ceiling surfaces had been removed, and the insulation and plywood that enclosed the steam generator had been removed. I was therefore unable to determine the cause of the frozen line.

I recently received copies of photographs that were taken immediately following discovery of the leak, prior to the start of repairs. The photographs appear to show a gap in the rigid insulation that enclosed the steam generator, where the rear wall panel meets the ceiling panel.

Also, it appears that the supply pipe in the wood enclosure was not insulated.

There are soffit vents and ridge vents to ventilate the unconditioned crawlspace. There are foam baffles below the roof sheathing in the sloped roof to allow air to flow from the soffit vents up to the ridge vents. The baffles prevent the fiberglass insulation in the sloped roof from blocking the air flow. This is all standard construction practice, in accordance with the Massachusetts State Building Code.

**Conclusions:** It is clear that the water supply pipe that feeds the steam generator in the second floor front bathroom froze and burst. The line appears to have frozen due to high winds that entered the soffit vents and dislodged the roof fiberglass batt insulation. The

136 Hesperus Street, Gloucester, MA                                     Page 2
Assessment of Cause of Water Damage                                     May 15, 2005

winds then were able to enter the steam generator enclosure through a gap in the rigid insulation that enclosed the unit.

While a good effort was made during construction to insulate the steam generator unit, the effort does not appear to have been adequate. The exposure of the house to high winds necessitated a higher than normal effort to protect against cold and high winds. The fiberglass batts between the rafters should have been more securely fastened so that they did not blow loose, and any gaps in the enclosure around the steam generator should have been sealed. As an addition precaution, in hindsight, the supply pipe in the enclosure should also have been insulated.

I hope that this addresses all of your concerns. If I can be of additional help, please contact me.

Sincerely,

*[signature]*

Steven R. Frederickson, P.E.